UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 19 CR 864 |
| v. | |
| | Hon. Thomas M. Durkin |
| RISHI SHAH, | United States District Judge |
| SHRADHA AGARWAL, and | |
| BRAD PURDY | |

## PARTIES' AMENDED JOINT SUBMISSION REGARDING PROPOSED *VOIR DIRE* QUESTIONS

The UNITED STATES OF AMERICA, by MATTHEW MADDEN, Attorney for the

United States Acting Under Authority Conferred by 28 U.S.C. § 515, and GLENN S. LEON,

Chief of the Fraud Section of the Criminal Division, U.S. Department of Justice, defendant

RISHI SHAH, through his attorneys John Hueston and Vicki Chou, defendant SHRADHA

AGARWAL, through her attorneys Stephen Larson, Koren Bell, and A. Alexander Lowder, and

defendant BRAD PURDY, through his attorney Theodore Thomas Poulos, respectfully submit

the following amended joint submission regarding proposed *voir dire* questions. The

government's proposed *voir dire* questions are listed first (which are unchanged from the

December 2 filing), followed by defendants' proposed *voir dire* questions (which have been

amended since the December 2 filing, pursuant to footnote 1 therein). The parties may ask the

Court for permission to supplement this submission as appropriate.

Respectfully submitted,

Dated: December 2, 2022

MATTHEW F. MADDEN
Attorney for the United States Acting under Authority
Conferred by 28 U.S.C. § 515

By:    *s/ (via email authorization)*
      Matthew F. Madden
      Saurish Appleby-Bhattacharjee
      Assistant United States Attorneys
      219 S. Dearborn Street
      Chicago, Illinois 60604
      (312) 469–6045

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By:    *s/ (via email authorization)*
      William E. Johnston
      Kyle C. Hankey
      Assistant Chiefs
      1400 New York Ave NW
      Washington, D.C. 20530

Dated: December 2, 2022

HUESTON HENNIGAN LLP

By:    *s/ (via e-mail authorization)*
      Vicki Chou
      John C. Hueston
      Michael Todisco
      Karen Ding

Attorneys for Defendant RISHI SHAH

Dated: December 2, 2022

LARSON LLP

By:    *s/ Koren L. Bell*
      Koren L. Bell
      Stephen G. Larson
      A. Alexander Lowder

Attorneys for Defendant SHRADA AGARWAL

Dated:  December 2, 2022

COTSIRILOS, TIGHE, STREICKER, POULOS & CAMPBELL, LTD.

By:   *s/ (via e-mail authorization)*
      Theodore Thomas Poulos

Attorneys for Defendant BRAD PURDY

# GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

1.      Have you ever been arrested or charged with any offense? If so, please tell us the nature of the offense, and what happened (*i.e.*, were charges brought, were they dismissed, were you convicted, or was there some other disposition?).

2.      Have you ever been convicted of a criminal offense? If yes, please tell us the nature of the offense, and its disposition (*i.e.*, imprisonment, probation, fine, etc.).

3.      Has a member of your family, or close friend ever been arrested, charged or convicted of a criminal offense other than a traffic offense? If yes, please tell us: (a) the individual=s relationship to you; (b) the nature of the offense; and (c) the disposition of the charge (*i.e.*, imprisonment, probation, fine, etc.).

4.      Have you ever been questioned as part of a criminal investigation by any federal, state or local law enforcement agency?

5.      If you have answered yes to questions 1, 2, 3, or 4, please state whether this experience left you with a negative, positive, or neutral impression of judges, the judicial system, prosecutors, and defense attorneys.

6.      Have you, a family member, or a close friend ever been a victim of a crime? If yes, please indicate: (a) the nature of the offense; and (b) the disposition of the case (*i.e.*, did the police arrest somebody? Was that person prosecuted?).

7.      Have you ever been to court for any reason other than for jury service? What were the circumstances surrounding that?

8.      Have you ever visited a jail? What were the circumstances surrounding that?

9.      If you have answered yes to questions 6, 7, or 8, please state whether this experience left you with a negative, positive or neutral impression of the criminal justice system.

10.     Have you ever served on a jury? If so, please tell us the following: (a) whether it

was federal or state court; (b) if it was a criminal or civil case; (c) whether the jury was able to reach a verdict; and (d) whether you were the foreperson.

11.     Have you or any member of your immediate family ever been involved in a lawsuit as a party to the suit or as a witness? If so, please state the nature of the suit, your involvement in the suit, the result and when and where the suit occurred.

12.     Have you ever testified before a grand jury or appeared as a witness in a criminal case? If so, when and where did you appear as a witness and what was the nature of your testimony?

13.     This case was investigated by the Federal Bureau of Investigation (FBI) and the Federal Deposit Insurance Corporation Office of Inspector General (FDIC-OIG).

        a.      Have you or any members of your family, or any of your close friends, to the best of your knowledge, had any unpleasant experience with these law enforcement agencies?

        b.      Is there anything about these or any other law enforcement agencies that would prevent you from being fair and impartial in this case?

        c.      You may hear testimony from law enforcement agents. You should consider the testimony of such agents in the same manner as you consider the testimony of any other witness. Would the fact that a witness works for a law enforcement agency affect your ability to consider his testimony in the same manner as the testimony of any other witness?

14.     Have you ever had any legal training or law courses or ever worked in a law office? If so, please state the circumstances.

15.     Do you have any close friends or relatives who are prosecutors or criminal defense attorneys? Is there anything about your relationships with these people that would prevent you from being fair and impartial in this case?

16.     Have you or any member of your immediate family or any close friends ever filed a claim or case against the federal government or had a legal dispute with the federal government? If so, please state the nature of the claim or dispute, any resolution of the matter and when and where the dispute occurred.

a.     Was there anything about those proceedings or the circumstances leading up to them that you found upsetting or troubling?

b.     Was there anything about those proceedings that left you with bad feelings about the federal government, or would prevent you from being fair and impartial in this case?

17.     This case involves allegations that the defendants defrauded the clients, lenders, and investors of their company, Outcome Health, formerly known as ContextMedia Health, LLC.

a.     Is there anything about the nature of these allegations that might affect your ability to be fair and impartial?

b.     Have you, a family member, or a close friend ever worked for Outcome Health? Would your status or your family member's status as a former employee of Outcome Health make it difficult for you to be a fair and impartial juror in this case?

c.     Do you have any strong feelings concerning startup companies, pharmaceutical companies, or the healthcare advertising industry? If so, what are they? Would any of your feelings about these topics make it difficult for you to be a fair and impartial juror in this case?

18.     Have you, a family member, or a close friend ever worked in the healthcare advertising industry? Is there anything about your own experience working in healthcare advertising, or your relationships with these people that would prevent you from being fair and impartial in this case?

19.     Have you, a family member, or a close friend ever worked for a pharmaceutical company? Is there anything about your own experience working for a pharmaceutical company, or your relationships with these people that would prevent you from being fair and impartial in this case?

20.     Have you, a family member, or a close friend ever worked for a venture capital investor or firm? Is there anything about your own experience working for a venture capital investor, or your relationships with these people that would prevent you from being fair and impartial in this case?

21.     Have you, a family member, or a close friend ever worked for a financial institution or bank? Is there anything about your own experience working for a financial institution, or your relationships with these people that would prevent you from being fair and impartial in this case?

22.     Have you, a family member, or a close friend ever worked for an auditor or auditing firm, including Deloitte & Touche LLP? Is there anything about your own experience working in auditing, or your relationships with these people that would prevent you from being fair and impartial in this case?

23.     Have you at any time been employed or otherwise worked in a position involving advertising or healthcare?

24.     At various times during the case, the Court will instruct you about the applicable law. It is your obligation to follow the Court=s instructions about the law whether you agree with the law or not. If you were to find that you disagreed with the law as given to you by this Court, would you still be able to follow that law and reach a verdict by applying the law to the evidence?

25.     Do you hold any philosophical or religious beliefs that would make it difficult for

you to sit in judgment of another person?

26.     Is there any other circumstance that would affect your ability to be a fair and impartial juror in this case?

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

1.      What is your name, age, and state and city of birth?

2.      What is your current address and how long have you lived at that location?

3.      What other communities have you lived in in the last ten years?

4.      What are or were your parents' occupations?

5.      What is the highest level of education you have completed?

6.      Are you presently a student?  If yes, please tell us your course of study and anticipated date of completion.

7.      Are you currently employed?  If yes, please tell us your occupation.

8.      If not, how would you describe your employment status (homemaker, retired, unemployed – currently looking for work, unemployed – not currently looking for work, student, disabled, other)?  Please also explain how you spend the majority of your time.

9.      Please tell us what jobs you have had in the past ten years, starting with the most recent, and describe what you did at each job.

10.      During your working life have you changed careers or occupations?  If yes, please explain.

11.      Have you ever been terminated from a job?  If yes, please explain why.

12.      Have you ever resigned from a job?  If yes, please explain why.

13.      What is your marital status (married, single, separated, divorced, widowed civil union/domestic partnership)?

14.      If you have a partner, what is your partner's name, occupation, and employer?

15.      What is the highest level of education that your partner has completed?  If widowed, divorced, or separated, please answer regarding your late or former spouse/partner.

16.      What other jobs has your partner had in the past?

17.     Do you have children or grandchildren?  If so, please state their gender, ages, whether they live with you, the highest level of education they have completed, and occupation.

18.     With whom else do you live, what is your relationship with them, and what are their occupations, if applicable?

19.     Are you currently taking any medications that might interfere with your ability to concentrate?  If yes, please explain.

20.     Do you have any difficulty reading or understanding English?

21.     Do you have any personal or business affairs that would make it difficult for you to serve as a juror (the trial is expected to last for approximately 3 months)?  If yes, please explain.

22.     Do you have any personal or family responsibilities (such as caring for a young child or ill or elderly person) that would interfere with your service as a juror?  If yes, please explain.

23.     Other than as already discussed in answer to the above, do you or anyone close to you have any training, experience, or specialized knowledge in accounting, finance (including borrowing or lending money), investing, or private equity?  If yes, please explain.

24.     Other than as already discussed in answer to the above, do you or anyone close to you have any training, experience, or specialized knowledge in advertising?  If yes, please explain.

25.     Other than as already discussed in answer to the above, do you or anyone close to you have any training, experience, or specialized knowledge in starting a business?  If yes, please explain.

26.     Other than already discussed in answer to the above, do you or anyone close to you have any training, experience, or specialized knowledge in "start-up" companies? If yes,

please explain.

27.     Other than already discussed in answer to the above, have you or anyone close to you had management or supervisory responsibility on your job?

28.     Other than already discussed in answer to the above, have you or anyone close to you ever started or started or owned your own business?  If yes, please explain.

29.     Other than already discussed in answer to the above, have you or anyone close to you ever been involved with a "start-up" company?  If yes, please explain.

30.     Other than already discussed in answer to the above, have you or anyone close to you ever worked in the advertising industry?[1]

31.     Other than already discussed in answer to the above, have you or anyone close to you ever worked in venture capital, private equity, or investing?[2]

32.     Other than already discussed in answer to the above, have you or anyone close to you ever worked for an auditor or auditing firm, including Deloitte & Touche LLP, or as an accountant?[3]

33.     Other than already discussed in answer to the above, have you or anyone close to you ever worked in sales?

34.     Other than already discussed in answer to the above, have you or anyone close to you ever worked as data analyst?

35.     What are your and your spouse's/partner's hobbies, major interests, recreational

---

[1] This question is similar to the Government's Proposed Question 18.  The defense requests that the Court give the Defendants' proposed question because it is not restricted to only "healthcare" advertising.

[2] This question is similar to the Government's Proposed Question 20.  The defense requests that the Court give the Defendants' proposed question because it is not restricted to only venture capital investors or firms.

[3] This question is similar to the Government's Proposed Question 22.  The defense requests that the Court give the Defendants' proposed question because it also asks if the potential juror has worked as an accountant.

pastimes, and spare time activities?

36.    What newspaper(s), magazine(s), or websites do you read regularly and how often do you read them?

37.    What news or talk radio programs, including podcasts, do you listen to and how often?

38.    Do you use social media?  If so, please tell us which social networking websites that you use and/or have an account with (MySpace, Facebook, LinkedIn, Twitter, Tumblr, Instagram, or any similar sites).

39.    Do you or your spouse/partner belong to any groups and/or organizations (for example, church groups, professional organizations, volunteer activities, victim's rights groups, etc.)?  If yes, please explain.

40.    If you have ever been a published or unpublished author, or if you routinely share your views in blog posts, social media, or any other public forum, please describe the things you have written and when you wrote them.

41.    Have you had prior jury service?  If yes, what type of case was it (civil, criminal, both)?  Did the jury reach a verdict in each case?  Did you serve as a jury foreperson?  Is there anything about your prior jury service that might affect your ability to be fair and impartial in this case?  If yes, please explain.  What, if anything, stands out in your mind about this experience?[4]

42.    Have you or anyone close to you ever been involved in a lawsuit as a party to the suit or as a witness?  If so, please state the nature of the suit, your involvement in the suit, the

---

[4] This question is similar to the Government's Proposed Question 10.  The defense requests that the Court give the Defendants' proposed question because it asks the potential juror for additional detail regarding the experience (i.e., whether anything about the service may affect the juror's ability to be fair and impartial and what, if anything, stands out in the juror's mind about the experience).

result, and when and where the suit occurred.  What, if anything, stands out in your mind about this experience?[5]

43.     Have you or anyone close to you ever testified before a grand jury or appeared as a witness in a criminal case?  If so, when and where did you or this person appear as a witness and what was the nature of the testimony? What, if anything, stands out in your mind about this experience?[6]

44.     Have you or anyone close to you ever been the victim of a crime?  If yes, please explain.[7]

45.     Have you or anyone close to you ever been a witness to a crime?  If yes, please explain.

46.     Have you ever called the police because of a crime or concern about illegal of dangerous activity?

47.     Have you, a family member, or a close friend ever filed a complaint against your employer, whether with the employer, with an investigative agency, or elsewhere?

48.     Other than as discussed above, have you ever reported a concern about unlawful or improper conduct outside of the criminal justice system – to a government agency, or in the employment or educational setting?

49.     Have you or anyone close to you ever been arrested for, charged with, or convicted of an offense other than a simple traffic violation?  If yes, what was the crime?  Was it

---

[5] This question is similar to the Government's Proposed Question 11.  The defense requests that the Court give the Defendants' proposed question because it is not limited to only the potential juror and the juror's immediate family and asks for additional detail.
[6] This question is similar to the Government's Proposed Question 12.  The defense requests that the Court give the Defendants' proposed question because it also asks about "anyone close to" the potential juror and asks for additional detail.
[7] This question is similar to the Government's Proposed Question 6.  The defense requests that the Court give the Defendants' proposed question because it does not restrict the juror's explanation to only the nature of the offense and the disposition of the case.

a felony or misdemeanor?  What punishment did you (or someone else) receive (including

probation)?[8]

    50.    Have you or anyone close to you ever been accused of a crime?  If yes, please

explain.

    51.    Have you or anyone close to you ever been falsely accused of misconduct

(including, for example, misrepresenting or concealing information) outside of the criminal

justice system – such as in the educational or employment setting?  If yes, please explain.

    52.    Has anyone ever reported unlawful or improper conduct to you?  If yes, please

explain.  What if anything did you do after receiving this information?

    53.    Have you ever had to review, report, or terminate an employee while in a

supervisory role at a job?  Is yes, please explain.

    54.    Have you or anyone close to you ever served in the military?  If yes, please

provide the branch, years of service, type of discharge, and whether you, your family member, or

person close to you served in a military police unit, court martial, and/or were in combat.

    55.    Have you or anyone close to you ever been employed in law enforcement?  If yes,

please identify the law enforcement agency.

    56.    The jurors in this case will be instructed that the testimony of a law enforcement

officer is to be treated the same as the testimony of anyone else.  Do you have any concerns

about your ability to follow this instruction?  If yes, please explain.[9]

    57.    Have you or anyone close to you ever been employed by the court system?  If yes,

---

[8] This question is similar to the Government's Proposed Questions 1, 2 and 3, however the defense requests that the Court give Defendants' proposed question as it is more succinct, excludes traffic violations, and clarifies whether the offense was a felony or misdemeanor.
[9] This question is similar to the Government's Proposed Question 13(c).  The defense requests that the Court give the Defendants' proposed question because it is more open-ended and will allow for a more detailed response from the potential juror.

please identify the position and location.

58.     Have you or anyone close to you ever worked for a United States Attorney's Office, a State or Local Prosecutor's Office, the FBI, the SEC, or the FDIC? If yes, please provide the details of what office the person worked or worked, and what your relationship is to that person.[10]

59.     Have you or anyone close to you ever worked for a criminal defense attorney or public defender? If yes, please provide the details of what office the person worked or worked, and what your relationship is to that person.[11]

60.     Did you know anything about this case, or any related case, before you came to court today? If yes, please tell us what you know about this case or any related case, and how you learned what you know about this case, or any related case.

61.     Did the events at issue in this case, or any related case, affect you or anyone you know personally in any way? If yes, please explain.

62.     Have you read any articles or books, watched any news, read any information in websites or news feeds on the internet, or viewed other media coverage, such as a documentary, about this case, or any related case? If yes, to the best of your memory, please tell us what you have watched or read.

63.     Please describe the amount of media coverage you have seen about this case, or any related case (None – have not heard of this case before today; A little – basically just heard that it exists; A moderate amount – just basic coverage in the news; or A lot – sought out and read many articles and/or watched accounts on TV or online).

---

[10] This question is similar to the Government's Proposed Question 15. The defense requests that the Court give the Defendants' proposed question because it also asks about the potential juror's experience and for additional details regarding the position and relationship of the person to the potential juror.

[11] See footnote 7.

64. What stands out in your mind from anything you have heard, read, or seen about this case, or any related case?

65. What did you think or feel when you received the jury summons for this case?

66. To the best of your recollection, what kinds of things did you say to others, or did others say to you, regarding your possible jury service in this case?

67. If you did any online research about this case, or about anything relating to it, after receiving your jury summons, please describe it.

68. Have you ever commented on this case in a blog post, article, on social media, or any other public forum? If yes, please explain.

69. Have you ever commented on any other case in a blog post, article, on social media, or any other public forum? If yes, please explain.

70. Have you ever commented on any significant current event or crime reported in the media in a blog post, article, on social media, or any other public forum? If yes, please explain.

71. As a result of anything you have heard, seen or read about this, or any related case, have you formed an opinion that any defendant involved is guilty or not guilty? If yes, please explain why. Also, if yes, have you expressed your opinion to anyone else? If you answered yes to any of these questions, can you set aside your opinion and base your decision about guilt solely on the evidence that will be presented to you in court?

72. Do you think that most people believe that the defendants charged in this or any related case are guilty? If yes, please explain why.

73. Do you have any opinions concerning start-up businesses or entrepreneurship? If so, what are they? Would any of your feelings about these topics make it difficult for you to be a fair and impartial juror in this case?

74.     Do you believe that an entrepreneur is more likely to commit fraud than the average person?

75.     Do you believe entrepreneurs should be punished if clients or investors lose money on their business?

76.     Do you have any opinions concerning corporate executives?  If so, what are they?

77.     Do you have any opinions concerning print news media, including the Wall Street Journal?  If so, what are they?  Would those feelings make it significantly more likely that you would believe or disbelieve a story published by the print news media?

78.     Do you have any opinions concerning pharmaceutical companies?  If so, what are they?

79.     Do you have any opinions concerning the advertising industry?  If so, what are they?

80.     Do you have any opinions about successful people?  If yes, what are your opinions?

81.     Do you have any opinions about young people who are successful?  If yes, what are your opinions?

82.     Do you have any opinions about women who are successful in business?  If so, what are they?

83.     Do you have any opinions about people of Indian descent?  If so, what are they?

84.     Do you have any strong opinions concerning lending companies or major financial institutions?  If so, what are they?

85.     Do you have investments?  If yes, please describe them.

86.     Have you or anyone close to you ever sought investments or attempted to raise funds on account of a business?

87.     Have you or anyone close to you ever had a bad experience with an investment such as a substantial monetary loss?

88.     Have you or anyone close to you ever had a bad experience with a salesperson?

89.     An indictment is not evidence and does not prove anything.  The indictment is just a formal way of charging a person with a crime in order to bring a person to trial.  Would the mere fact that someone has been indicted with a crime make you believe they are probably guilty of that crime?  If yes, please explain.

90.     The law says the indictment is absolutely no proof whatsoever that the defendant has engaged in illegal activity.  Furthermore, the law says that the jury must not hold it against a defendant no matter how many charges are contained in the indictment.  Do you agree with that statement of the law?  If no, please explain.

91.     The prosecution has the burden of proving that the defendant is guilty beyond a reasonable doubt.  A defendant does not have to prove that he is innocent.  Do you disagree in any way with this principle?  If yes, please explain.

92.     If the government in this case did not present enough evidence to prove that the defendants were guilty beyond a reasonable doubt, the jury would have to find them not guilty.  If that happened, how would you feel about it?  How do you think people you know (relatives, friends, neighbors, co-workers) would react when you returned from jury service?

93.     Several witnesses in this case cooperated with the government in the hope of receiving a more lenient sentence.  Would that fact make it more difficult for you to fairly and impartially consider their testimony?  If yes, please explain.

94.     The defendants in a criminal case have an absolute right not to testify.  Do you agree with that statement of the law?  If no, please explain.

95.     Would you hold it against Mr. Shah, Ms. Agarwal, or Mr. Purdy if they did not

testify in this case?  In other words, would that make it more difficult for you to fairly and impartially consider the evidence?   If yes, please explain.

96.     In the event that a certain Defendant or Defendants were to testify and another Defendant or Defendants were not to testify, would you hold it against the Defendant or Defendants that did not testify?  If yes, please explain.

97.     If you were the defendant on trial in this case, would you want someone on your jury who thinks about these issues that way you do?

98.     As a juror, you would be barred from reading or watching media accounts of the trial, consulting external sources, and discussing the case with other people.  The judge may order you to refrain from using social media for the duration of the trial.  Do you have any reservations or concerns about your ability or willingness to abide by these rules?  If yes, please explain.

99.     Is there anything about your experiences, opinions, beliefs about race, color, immigration status, national origin, ethnicity, gender, or sexual orientation which would influence your ability to judge the facts of a criminal case or the people accused?  If yes, please explain.

100.     Are you aware of any other preconceived views or prejudice that you may have against the government, Mr. Shah, Ms. Agarwal, or Mr. Purdy that might influence your ability to judge the facts of a criminal case or the people accused ?  If yes, please explain.

101.     Mr. Shah, Ms. Agarwal, and Mr. Purdy in this case are being represented by [list attorneys involved in trial].  Do you know any of these attorneys?  If yes, please describe who you know and how you know them.

102.     Do you know any other employees who are associated with the law firms in this case: [list law firms involved in trial]?  If yes, please describe who you know and how you know

them.

103.     In this case, the government is or has been represented by Assistant United States Attorneys [list AUSAs trying case].  Do you know any of these attorneys?  If yes, please describe who you know and how you know them.

104.     The defendants in this case are Rishi Shah, Shrada Agarwal, and Brad Purdy.  Do you know any of these individuals?  If yes, please describe who you know, how you know them, and if you have formed any opinions about the individual.

105.     Attached to this questionnaire as Attachment A is a list of people who may be involved in this trial.  Do you personally know any of these people?  If yes, please describe who you know and how you know them.

106.     Do you, a relative, a close friend, and/or anyone you live with have a personal or professional affiliation with any of the following companies: Outcome Health, Pfizer, Abbvie, Biogen, Boehringer Ingelheim, Goldman Sachs, Google, Leerink, Sequoia, Deloitte, Daversa, JPMorgan, Citizens, Wells Fargo, Wintrust Bank, and The Private Bank and Trust Company?  If yes, please explain.  Also if yes, would your status or your friend or relative's status make it difficult for you to be fair and impartial in this case?[12]

107.     Have you, a family member, or a close friend ever had business dealings with Outcome Health?  Would those business dealings make it difficult for you to be a fair and impartial juror in this case?

108.     Did you have any problems understanding these questions?  If yes, please explain.

109.     Is there any matter you wish to discuss privately with the judge?

---

[12] This question is similar to the Government's Proposed Question 17(b).  The defense requests that the Court give the Defendants' proposed question because it asks includes anyone living with the potential juror, and includes a more comprehensive list of companies involved or affected by the case.

110.     Is there any other matter or any information you feel that the judge or attorneys should know about you, not covered by these questions?  Do you have any concerns that have been raised by the experience of answering these questions that might affect your ability to sit as a juror, or anything else that you feel we should know about?  If so, please explain.

111.     Is there anything about your responses to any of the questions that have been asked, or anything else in you background, experience, employment, training, education, knowledge, or beliefs that might affect your ability to be a fair and impartial juror?

### Government's Position Regarding Defendants' Proposed Questions

The government does not object to defendants' proposed questions nos. 1, 5, 7, 13–14, 30–32, 41–44, and 49 which largely align with the government's own proposed questions.[13]  The government, however, objects to the remainder of defendants' proposed questions as unduly cumulative and burdensome.

---

[13] The government submits that defendants' proposed question 56 is not similar to the government's proposed question 13(c), insofar as it states that the "jurors in this case will be instructed that the testimony of a law enforcement officer is to be treated the same as the testimony of anyone else." The government, as noted separately in defendants' disputed jury instructions, objects to a standalone instruction regarding government witnesses' testimony. The government also prefers its formulation in its proposed question 15 to defendants' proposed questions 58 and 59.