UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RISHI SHAH, SHRADHA AGARWAL, AND BRAD PURDY. | No. 19 CR 864<br><br>Judge Thomas M. Durkin |

**ORDER**

Rishi Shah moves for bail pending the adjudication of his appeal pursuant to 18 U.S.C. § 3143(b). R. 828. For the following reasons, that motion is granted.

18 U.S.C. § 3143(b) requires the Court to order Shah detained while his appeal is pending unless the Court finds: (1) there is clear and convincing evidence that Shah is not a flight risk or a danger to the community; (2) the appeal is not for the purpose of delay; and (3) the appeal raises a "substantial question of law or fact likely to result in" reversal or a new trial. The government does not dispute that Shah has met the first two criteria. The only question is whether Shah has met the third.

To answer that question, the Court engages in a two-step process. The Court must first determine whether the question raised by the appeal is "substantial" and then whether, assuming the question is decided in Shah's favor, the Seventh Circuit is likely to reverse or order a new trial. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986). A question is "substantial" if it is a "close question or one that very well could be decided the other way." *Id*. While the inquiry is "in some sense

1

predictive," it is not the task of the Court to assess Shah's chances before the Court of Appeals. *Id.* The "likely to result in reversal or an order for a new trial" prong goes to the impact of the substantial question on the outcome of the appeal. *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985).

Here, the question of whether the pretrial restraint in this case violated Shah's Sixth Amendment right to counsel of choice is a substantial one. It turns on an application of *Luis v. United States*, 578 U.S. 5 (2016). In *Luis*, Justice Breyer— writing for four members of the Supreme Court—wrote that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." 578 U.S. at 10. Justice Thomas, concurring in the judgment, "agree[d] with the plurality that a pretrial freeze of untainted assets violates a criminal defendant's Sixth Amendment right to counsel of choice." *Id.* at 24. But both Justice Breyer and Justice Thomas recognized that the Sixth Amendment right to counsel of choice is "the right to be represented by an otherwise qualified attorney whom that defendant *can afford to hire.*" *Id.* at 12, 34 (emphasis added). It was on that basis that this Court concluded that the pretrial restraint did not violate Shah's Sixth Amendment right to counsel of choice because even without the excessive restraint, Shah would not have been able to afford his preferred counsel.

The Court believes it properly applied *Luis* to these novel circumstances. But the issue was undoubtedly a close one. *Luis* involved a pretrial challenge to a protective order that effectively restrained all of the defendant's assets. Shah brought a post-conviction challenge to the overbroad pretrial restraint, and the evidence

2

showed that he would not have been able to afford his identified counsel of choice absent the improper restraint. In this uncharted territory, the question of whether the pretrial restraint violated Shah's Sixth Amendment right to counsel of choice was a difficult one. *Shoffner*, 791 F.2d at 589 ("In determining whether a question is 'substantial' as that word is used in 18 U.S.C. § 3143(b)(2), a judge must essentially evaluate the difficulty of the question he previously decided.").

Further, that question, if decided another way, is likely to result in reversal or a new trial. The "erroneous deprivation of the right to counsel of choice" is a structural error. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006). Because the Court found that Shah forfeited his Sixth Amendment argument, the Court's ruling on the issue will be reviewed for plain error under Federal Rule of Criminal Procedure 52(b). *See Johnson v. United States*, 520 U.S. 461, 466 (1997) (plain error review applies to structural errors). To be eligible for plain error relief, an appellant must show (1) an error; (2) that was plain; and (3) that affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If those criteria are met, the Court of Appeals may grant relief if the error (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736. "Meeting all four prongs is difficult." *Puckett v. United States*, 556 U.S. 129, 135 (2009). At the same time, "[a]lthough Rule 52(b) is permissive, not mandatory, it is well established that courts *should* correct a forfeited plain error that affects substantial rights" if the fourth prong is satisfied. *Rosales-Mireles v. United States*, 585 U.S. 129, 137 (2018) (cleaned up) (emphasis added).

3

The government contends that Shah cannot satisfy the fourth prong because he received exceptional representation at trial by his lesser preferred counsel. Yet, the Supreme Court has recognized that structural errors like the denial of counsel of choice "*necessarily* render a criminal trial fundamentally unfair." *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (emphasis in original); *see also United States v. Davila*, 569 U.S. 597, 611 (2013) (structural errors like the denial of counsel of choice "undermine the fairness of a criminal proceeding as a whole"). That is because the deprivation of counsel of choice "bears directly on the framework within which the trial proceeds—or indeed on whether it proceeds at all." *Gonzalez-Lopez*, 548 U.S. at 150. It implicates "a particular guarantee of fairness . . . that the accused by defended by the counsel he believes to be best." *Id.* at 146; *cf. United States v. Smith*, 618 F.3d 657, 664 (7th Cir. 2010) (citing these principles in holding that a defendant challenging an omission in a plea colloquy related to an appellate waiver of a counsel of choice claim satisfied the fourth prong of the plain error test). Indeed, the Seventh Circuit has pondered whether it should presume a "serious effect" where there is an erroneous deprivation of counsel of choice. *United States v. Turner*, 651 F.3d 743, 748 (7th Cir. 2011) (noting the difficulty of "determin[ing] whether an action with 'unquantifiable and indeterminate' consequences on the course of trial proceedings" seriously affected the proceedings' fairness (quoting *Gonzalez-Lopez*, 548 U.S. at 150)).[1] In view of this case law, if the question of whether the pretrial restraint

---

[1] The Supreme Court and the Seventh Circuit have repeatedly assumed without deciding that structural errors automatically satisfy the third prong. *United States v. Maez*, 960 F.3d 949, 957 (7th Cir. 2020) (citing cases).

4

violated Shah's Sixth Amendment right to counsel of choice is decided in his favor, the Seventh Circuit is likely to reverse or order a new trial.

This particular question is sufficient to warrant bail pending Shah's appeal under 18 U.S.C. § 3143(b). In so finding, the Court does not opine on whether any of the other questions raised by Shah would also be sufficient. Shah's motion is granted.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 16, 2024